UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RICHARD JAMES SIMPSON,

        Plaintiff,                Case No. 1:09-cv-1064

v.                                          Honorable Janet T. Neff

PRISON HEALTH SERVICES, INC.
et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On December 14, 2009, the Court issued an opinion and order denying Plaintiff leave to proceed *in forma pauperis* because he has "three strikes" within the meaning of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $350.00 civil action filing fee within twenty-eight days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

        More than twenty-eight days have elapsed since the Court's order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Plaintiff, however, has filed a pleading claiming that he should be permitted to proceed *in forma pauperis* because he is imminent danger of physical harm (docket #9), which the Court construes as a motion for reconsideration of the Court's order denying him leave to proceed *in forma pauperis*. Pursuant to FED. R. CIV. P. 54(b), a non-final order is subject to reconsideration at any time before entry of a final judgment. Pursuant

to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead [ sic ] . . . [and] that a different disposition must result from the correction thereof." For the reasons set forth below, the Court will deny Plaintiff's motion and dismiss his action without prejudice for failure to pay the filing fee.

## Discussion

In his motion for reconsideration, Plaintiff makes several arguments why he should be allowed to proceed *in forma pauperis* under § 1915(g). Plaintiff first argues that the three strikes counted by the Court are invalid. He contends one of the cases counted by the Court as a strike, *Simpson v. Caruso et al.*, No. 1:09-cv-245 (W.D. Mich. Apr. 14, 2009), is not properly counted because his appeal from the decision remains pending. The Court rejects Plaintiff's argument. The plain language of the statute defines a strike as "an *action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g) (emphasis added). The legislature plainly contemplated that the dismissal of an action was itself a strike. In addition, the statute does not provide an exception for a dismissal that has been appealed. Congress could have included such an exception, but elected not to do so. Moreover, a judgment of dismissal by a district court is final and should be given full effect, unless stayed upon appeal. FED. R. CIV. P. 62; *see also Nat'l Labor Rel. Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (pendency of an appeal does not disturb finality of a judgment). Plaintiff has not obtained a stay of the dismissal.

Further, to accept Plaintiff's interpretation would undermine the very purpose of the legislation, by permitting a prisoner to continue filing new cases during the entire period (perhaps

years) in which his last strike remained on appeal, even if that appeal was utterly frivolous. Indeed, Plaintiff provides the perfect example of why such an interpretation is at odds with both the language and the intent of the statute. Since dismissal of his third strike in April 2009, Plaintiff has been a litigation-generating machine. He has filed at least eight additional cases in this Court during that period, and he has filed numerous cases in the Eastern District of Michigan, some of which have been transferred to this Court. At this time, Plaintiff has four cases pending in this Court, in all of which he alleges that he is in imminent danger of serious physical injury in relation to four distinct medical conditions. *See Simpson v. Corr. Med. Servs, Inc. et al*, No. 1:09-cv-1066 (W.D. Mich.); *Simpson v. Prison Health Servs., Inc. et al.*, No. 1:09-cv-1167 (W.D. Mich.); *Simpson v. Pramstaller et al.*, 1:09-cv-1168 (W.D. Mich.); *Simpson v. Caruso et al*, No. 1:10-cv-20 (W.D. Mich.). Failure to apply the rule to Plaintiff would seriously undermine the efficacy of the three-strikes rule. In any event, on January 8, 2009, the Michigan Court of Appeals issued an order affirming the dismissal of Plaintiff's third-strike. *See Simpson v. Caruso*, No. 09-1596, slip ord. (6th Cir. Jan. 8, 2010). While mandate has not yet issued, it is apparent that Plaintiff's third strike will be affirmed.

Plaintiff also complains that his first two strikes should not be counted against him as he had been sent to a prison in Reno, Nevada and could not challenge the adverse ruling. Plaintiff's argument is frivolous. Even if his representations are true, the cases, which were decided in 1989 and 1990 are long since final and cannot be collaterally attacked here.

Plaintiff further argues that he should be permitted to proceed *in forma pauperis* under the "imminent danger" exception. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." In the Opinion denying Plaintiff leave to proceed *in forma pauperis*, the Court found that the allegations set forth in Plaintiff's complaint

regarding his chronic lung disease did not fall within the imminent danger exception. The Court stated in part:

> In his complaint, Plaintiff states that Defendants have failed to provide him with proper medical treatment for his chronic lung disease since he was diagnosed almost ten years ago. Plaintiff contends that Defendants' failure to properly treat his lung problems "may likely result in a significant impairment of [Plaintiff's] ability to function in normal daily activities." (Compl., Statement of Facts, docket #1.) Where a prisoner has disputed the adequacy of medical treatment for a period of years but fails to allege any serious injury other than in a conclusory fashion, he has failed sufficiently to allege imminent danger. *Sweatt v. Tenn. Dep't of Corr.*, No. 00-5874, 2001 WL 128357, at *1 (6th Cir. Feb. 6, 2001). Consequently, Plaintiff's allegations that he is not receiving adequate medical treatment for his chronic lung disease does not meet the imminent danger exception.

(12/14/09 Op. 3-4, docket 6.)

Plaintiff alleged in his complaint that despite his diagnosis with chronic lung disease in 1999 or 2000, Defendants have done nothing to determine the extent of the disease. He claims that it is his "understanding, based on speaking with other layperson and Doctors, that in light of the diagnosis, further testing should be conducted with the blood, colon, throat, and lungs, to see if cancer is present." (Compl., 6, docket #1). Plaintiff contends that further testing is warranted given his family history of cancer and cancer-related deaths, pain in his rib cage and his acid reflux disease. He further alleges "the fact that he has been seen by numerous doctors does not mean that Plaintiff has adequate treatment for his serious medical needs." (Compl., 8.)

As the Court previously held, Plaintiff fails to allege that he is in "imminent" danger from his alleged lung condition. As with "serious physical injury," Congress did not define "imminent danger" in the PLRA. It did, however, choose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of

-4-

happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.*

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

According to Plaintiff's complaint, he has been living with his chronic lung condition for ten years. It is clear from his complaint and exhibits that he has received extensive medical treatment for a variety of ailments during that time. While Plaintiff seeks extensive medical testing to determine whether he has cancer, he does not allege facts showing that he is in proximate danger of having or developing cancer as the result of his lung condition. As a consequence, Plaintiff fails to demonstrate that any serious physical injury is imminent. Accordingly, the Court did not err in denying Plaintiff leave to proceed *in forma pauperis* and will deny his motion for reconsideration.

Because Plaintiff has failed to pay the civil action filing fee within the time provided by the Court, dismissal of this action without prejudice is appropriate. Because the obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court, Plaintiff remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the full filing fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $350.00 civil action filing fee and remit the funds to the Clerk of this Court. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

## **Conclusion**

For the reasons set forth above, the Court will deny Plaintiff's motion for reconsideration and dismiss his action without prejudice for failure to pay the filing fee. Plaintiff shall remain liable for payment of the $350.00 filing fee.

An Order and Judgment consistent with Opinion shall be entered.


Dated: January 25, 2010         /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge